# ADMINISTRATION OF ESTATES.

[Huron Circuit Court, November Term, 1895.]

## CATLIN ET AL. v HUESTIS, EXECUTOR.

1. RIGHT OF LEGATEES TO RECOVER LEGACY AS AGAINST EXECUTOR WHERE THERE ARE NO OUTSTANDING DEBTS.

    Where a person dies testate, seized and possessed of both realty and personalty, and bequeaths his personalty to his daughters, with the provision that in case they both die, leaving such personalty unconsumed or undisposed of, the same shall go to his grandchildren, and no executor was appointed at the time to administer upon his estate, and such daughters die leaving a portion of such personalty unconsumed and undisposed of: *Held*, In an action brought by said grandchildren to recover such unconsumed personalty from a third person who held it, that, in the absence of proof that there were any valid debts against said testator's estate, said grandchildren, and not an executor subsequently appointed, are the proper parties to recover said personalty.

2. NECESSITY OF ADMINISTERING UPON AN ESTATE WHERE ALL DEBTS ARE PAID.

    Where all the debts of a deceased person have been paid, the courts neither encourage nor tolerate proceedings in the probate court for the administration of his estate, nor do they tolerate the expenditure of money for the mere form of administering upon such estate.

3. POWER OF A PARTY OTHER THAN AN EXECUTOR OR ADMINISTRATOR TO PURCHASE MONUMENT.

    A party other than the executor or administrator of a deceased person's estate cannot, either with or without the authority of the probate court, undertake to purchase a monument for such decedent and charge it upon his estate.—[ED. LEGAL NEWS.

SCRIBNER, J.

H. E. Catlin, W. B. Catlin, Effie Vennard, and Minerva Catlin is guardian of Bert Catlin, Glen Catlin, Verna Catlin and Claud Catlan minors, have instituted proceedings in error in this court against Jonathan W. Huestis as executor of the last will and testament of Elias W. Coit, deceased, by which it is sought to reverse the judgment which was rendered in favor of the defendant in error against the plaintiffs in error in the court of common pleas of Huron county.

It seems from the record in the case that the plaintiffs in error instituted proceedings in the court of common pleas against one Emory Carpenter, by which the plaintiffs, through their guardian, sought to establish their right to the sum of two hundred dollars, claimed to be in the hands of the defendant, Carpenter, to which, as the plaintiffs claimed, through their guardian, they were entitled.

The petition in the case alleges that the plaintiff, Minerva Catlin, is the duly appointed and qualified guardian of Bert Catlin, Glen Catlin, Verna Catlin and Claud Catlin, minors. The petition proceeds further to allege that on the 9th of May, 1887, one Elias W. Coit died testate, leaving a last will and testament, which after his death was duly admitted to probate in said county of Huron, and a copy of which last will and testament is hereto attached marked "Exhibit A," and fully set forth in the petition and contains, as is averred, the following clause:

"I give and devise to my two daughters, Ellen and Sarah, the farm on which we now live and reside, situate in Fairfield, O., containing about forty acres of land, during their lives, and all the stock, household goods, furniture, provisions and all other goods and chattels which

may be thereon at the time of my decease, during their natural lives as aforesaid. All my just and lawful debts shall be paid from the said estate, goods and chattels, and likewise my funeral expenses.

"Likewise, I further bequeath to them, my daughters Ellen and Sarah, my expectations, coming to me from my late grandfather's estate, now in the hands of the executor of the same, of New London, Connecticut, for final settlement."

The property or estate here referred to by the executor as "my expectations," constitutes the principal subject matter of this controversy.

"At the death of my two daughters, the real estate aforesaid and such part of the said personal property or the proceeds thereof as may remain unconsumed and unexpended, I give and bequeath to my grandchildren, sons and daughters of Victor and Minerva Catlin, the same to be equally divided among them at the death of my two daughters."

The petition then avers that "subsequent to the death of said Elias W Coit, moneys of the said Elias W. Coit's estate, which moneys had been received by said Coit as his 'expectations coming to him from his late grandfather's estate,' and being a part of the same money referred to in said will as 'my expectations coming to me from my late grandfather's estate, now in the hands of the executor of the same, of New London, Connecticut, for final settlement,' duly came into the hands of, and were received by his two daughters, Ellen and Sarah, mentioned in said will, from Elias W. Coit's said estate and under and by virtue of said will. Said moneys or fund to the amount of two hundred dollars was, on or about the 5th day of October, 1887, loaned by said daughter, Sarah (whose real name was Sarah M. Coit), to defendant, Emery Carpenter, said Sarah M. Coit at the time taking from said Emery Carpenter his promissory note for the same, by which said Emery Carpenter agreed to pay to said Sarah M. Coit said sum of two hundred dollars one year from date with interest at the rate of six per cent per annum. A copy of said note is not here given, the same not being in the possession of, or accessible to, plaintiffs. Subsequent to the time of giving said promissory note, on the 24th day of November, 1892, said Sarah M. Coit died intestate, and on the 27th day of November, 1892, said Elias W. Coit's daughter, Ellen, mentioned in said last will and testament, and whose name at the time of her decease was Ellen Cooper, died intestate, leaving said fund of two hundred dollars so loaned by said Sarah M. Coit to said Emery Carpenter in said Carpenter's hands entirely unused and unexpended, and leaving said promissory note wholly due with interest thereon from the 5th day of October, 1892, said fund and money so owing by said Emery Carpenter at the decease of said Sarah M. Coit and Ellen Cooper being the same fund and money so specifically bequeathed by the said will of said Elias W. Coit as his 'expectations' from his grandfather's estate."

Then the petition proceeds to aver that the said plaintiffs, "H. E. Catlin, W. B. Catlin, Effie Vennard, Bert Catlin, Glen Catlin, Verna Catlin and Claud Catlin are the children of Minerva and Victor Catlin mentioned and referred to in the said last will and testament of said Elias W. Coit, and by virtue of 'said will they are entitled to said fund of two hundred dollars and the interest thereon, which fund is still in the hands of defendant, Emery Carpenter.

"Plaintiffs further say that at the October term of the court of common pleas of said county of Huron and State of Ohio, on or about the 16th day of December, 1893, in an action or proceeding then pending in

said court of common pleas under the style of 'In the matter of the exceptions to the inventory and appraisement of Stephen L. Cooper as administrator of the estate of Sarah M. Coit, deceased,' and in which action or proceeding H. E. Catlin, W. B. Catlin, Effie Vennard and said Minierva Catlin were the exceptors and defendant, Stephen L. Cooper as adm nistrator of the estate of Sarah M. Coit, deceased, was the adverse party or defendant, the rights of these plaintiffs in and to said fund of two hundred dollars and interest (then and ever since being in the hands of defendant, Emery Carpenter), under and by virtue of the said last will and testament of said Elias W. Coit, were by the court heard and fully adjudicated, and said court of common pleas then and there after full and complete hearing found, among other matters, as follows, to wit:

" (1) That the $200.00 note included in the inventory under the head ' Schedule F ' as excepted to by said children of Minerva and Victor Catlin, as being improperly included in such inventory, was executed to said Sarah M. Coit by one E. G Carpenter, on or about the 5th day of October, 1887, and the principal of the same and a portion of the interest was never paid to or used by said Sarah M. Coit, and now remains intact.

" (2) That the $200.00 for which said note was given was received by said Sarah M. Coit from the estate of Elias Coit, her father, under and by virtue of his last will and testament, and under and subject to the following provisions thereof, to wit : [Quoting from the will the provision I have already read.]

" (3) The court proceeds in that case to find that said Sarah M. Coit left no unpaid debts except as hereinafter mentioned, and no part of said fund of two hundred dollars is necessary to be taken to pay the same.

"And plaintiffs further say that thereupon and in said proceeding or action the said court made the following order, to wit : ' That said note of $200.00 executed by said Carpenter, be stricken from said inventory and appraisement.'

" Plaintiffs say that at the May term of the circuit court of said Huron county, Ohio, in the year 1894, in an action in which said Stephen L. Cooper, as administrator of the estate of Sarah M. Coit, deceased, was plaintiff in error and said Minerva Catlin, H. E. Catlin, W. B. Catlin and Effie Vennard were defendants in error, said circuit court, after a full and complete hearing of said action in error, affirmed the said findings, judgment and order of said court of common plaas, which findings or decision, judgment and order were the subject matter of, and were assigned for error in said action in said circuit court."

The petition then proceeds to aver that the amount of said note with interest which has accrued thereon from the 5th day of October, 1892, is due to the plaintiffs and judgment is prayed accordingly.

There is attached to the petition as an exhibit a copy of the will of the decedent, Elias W. Coit, and in it is found this clause :

" I do hereby nominate and appoint the present master of the Masonic lodge, located at North Fairfield, and his successors in office, my executors of this my last will and testament, hereby empowering them to see that this my last will and testament is fully carried out and all business of the same is fully attended to, and it is further requested that no bail or security shall be demanded by the probate court, trusting all to their honor and integrity."

Thereupon Emery Carpenter, the defendant in this action, appeared and filed an answer in the nature of an interpleader, in which he set up the fact that one Jonathan Huestis, who is executor, as he says, of this will, appointed by virtue of the clause of the will to which I have just called attention, claim that he is entitled to administer upon said sum of $200.00, and he prays that he may be made to appear and maintain or relinquish his claim.

Thereupon, on the 6th of August, 1894, the court of common pleas, passing upon this answer, in the nature of an interpleader, of defendant Carpenter, setting up that this man Huestis as executor, makes claim to the fund, ordered Carpenter, the maker of the note, to pay the money, the sum of $200.00, with interest from October 5, 1892, into the hands of the clerk of the court, and in default of such payment, execution issue therefor, and that the clerk hold the fund subject to whatever final order may be ultimately made in the case.

It appears that the executor, Huestis, filed an answer and cross petition in the case, setting up the making of the will and setting up that it had been duly admitted to probate by the probate court of Huron county, and that letters testamentary had been issued thereon to him, and praying that the court make an order that the fund should be paid to him, and setting up in his answer and cross petition that there are just and lawful debts, existing against said estate of Elias W. Coit amounting to about $69.00, a schedule of which is hereto attached marked "Exhibit A;" also the costs of administration of said estate, and the court costs already necessarily incurred and due to Judge G. T. Thomas, amounting to $7.16, and he says that said decedent left no other personal property or effects to his knowledge with which to pay said debts and costs, and he prays judgment that the money be paid to him, including interest, and that he may have such other and further relief as may be proper and just.

There is attached to this answer and cross petition a schedule showing the outstanding liabilities as claimed by him, and this is the schedule: "Schedule of the debts of the estate of Elias W. Coit, so far as the same have been presented for allowance: 'Estate of Ellen A. Cooper for witness fees paid to Emery Carpenter and George W. Coit, at probating of will of Elias W. Coit, $4.00; Stephen L. Cooper, monument purchased for Elias W. Coit, deceased, $65.00; total $69.00. And he says in his answer and cross petition that there is $7.16 due the probate judge for further fees in the business.'"

There was a reply filed to this answer and cross petition of the executor, by the plaintiffs in the proceeding, in which in brief, it is set up that it is admitted that Huestis was appointed as claimed by him, by the probate court, and that he is qualified to act; that the $200.00 note mentioned and described in plaintiffs' petition, is in his possession and that he demanded payment of the same from said defendant, Carpenter; that payment was refused by said Carpenter, and for want of information, defendant denies each and every allegation in the answer and cross petition alleged. And they say specifically that if the alleged claims mentioned in said Huestis' answer and cross petition, and constituting "Exhibit A" attached thereto, ever existed, they are now barred by the statute of limitations, more than six years having elapsed since they were made.

The executor replied to this allegation, making an issue of the statement made in his answer and cross petition.

Catlin et al. v. Huestis, Executor.

The court of common pleas, at its April term, 1895, tried the case, a jury having been waived, and upon the trial, found in favor of the cross-petitioner, Huestis. The court found specifically that the debts alleged to be due to the estate of said Elias W. Coit, as appears in said cross petition, towit: $65, $4.00 and $7.16, have been presented to said executor for allowance and have been by him duly allowed; that the $200.00 note and interest thereon, mentioned in said pleadings, and the proceeds resulting from the payment of the same by defendant, Emery Carpenter, to the clerk of this court, by order of this court, made on the 6th day of August, 1894, recorded in volume 22, page 176, of the journal of said court, are assets of the estate of said Elias W. Coit, deceased, and the said Huestis, as executor aforesaid, is entitled to said fund, and it is ordered that it be administerrd by him.

A motion for a new trial was filed ana overrulea.

There is appended to the record a paper purporting to ne an agreed statement of facts and a copy of the agreed statement of facts appears in the bill of exceptions, which is as follows:

"It is conceded by the parties hereto, that the following facts are true: ' That after the death of Elias W. Coit which occurred on or about the 9th day of May, 1887, his will which is set forth in the petition, was duly and properly probated, and that his daughters, Ellen A. Cooper and Sarah M. Coit, referred to and mentioned in the will, received the entire property of Elias W. Coit, according to the terms of the will; that they settled and paid all the claims and outstanding debts against the estate of Elias W. Coit of which they knew, or of which the defendant now known, except the alleged claims hereinafter stated; that after the death of the said two daughters of Elias W. Coit, and the appointment of Stephen L. Cooper as administrator of the estate of Ellen A. Cooper, he presented to Jonathan Huestis the claims alleged in the answer of said Huestis, after the time of the appointment of said Huestis as executor herein. Said alleged claims have not been paid. The children referred to in the petition are the children of Victor and Minerva Catlin, referred to in the will of Elias W. Coit, and Minerva Catlin is their duly appointed and qualified guardian. It is further conceded that on or about November 1, 1893, Stephen L. Cooper, mentioned in plaintiff's petition and defendant Huestis' cross petition herein, purchased of Tyson Brothers of Plymouth, Ohio, a granite monument as per contract hereto attached, the same to be set over the graves of Sarah M. Coit, Ellen A. Cooper (wife of Stephen), and Elias W. Coit, which graves were together in the same cemetery. Such monument was inscribed with the names of Ellen A. Cooper, wife of Stephen L. Cooper, Sarah M. Coit, sister of Mrs. Cooper, and Elias W. Coit, the father of Mr. Cooper's wife.'

2. "That prior to November 1, 1893, Ellen A. Cooper died intestate, leaving Stephen L. Cooper, her husband, as her only heir at law, and leaving property to be administered to the amount of about $1,300, which came to her from a former husband.

3. "Stephen L. Cooper was appointed and duly quilified as administrator of the estate of Ellen A. Cooper prior to November 1, 1893, and said estate was not settled prior to said November 1, 1893.

4. "Said Stephen L. Cooper paid Tyson Brothers for said monument from moneys in his hands which would belong to him as heir of his wife, which came into his hands as aforesaid from the above mentioned estate of his wife."

It will be seen by this statement of facts which is made and somewhat prolonged and perhaps unnecessarily so, that the claim of this executor under this will and the right and power to administer this estate, rests almost exclusively upon the claim made in the case in his behalf that there were debts outstanding to the extent of $69 for the grave stone and $4 for probating the will, together with some $7 and some odd cents for the services of the probate court in further proceeding in administering the estate.

It was ruled by this court substantially upon the trial of the case as it came here in a former proceeding, under the authority of the 46th Ohio State, 391, and the 30th Ohio State, 288, supplemented by a case since reported in the 51st Ohio State, 446, that there was no necessity, as the facts appear in this case, for an administrator or an executor to close up this estate. It appeared satisfactory to the court upon that hearing, that substantially all outstanding debts had been paid by the parties entitled to the fund under the terms of the will of the deceased, Mr. Coit, and the courts do not tolerate or encourage proceedings under the direction of the probate court for the administration of an estate, nor the expenditure of money left by deceased parties for the mere forms of administering upon an estate.

In this case it would appear, and it is not contravened by anything stated here, that the debts due from this estate had been paid, or at least substantially paid. The debt that is set up here as one of the debts of the estate for the purchase of a tombstone, the record satisfactorily shows is not a debt of the estate of this decedent.

The statute does not make any provision for the payment of such a debt. Section 6185 says: "The court may also, on settlement, allow, as a credit to the executor or administrator, any just and reasonable amount expended by him for a tombstone or monument for the deceased; but it shall not be incumbent on any executor or administrator to procure a tombstone or monument."

In other words, the statute empowers an executor or an administrator to provide a monument for a deceased party with the consent and approbation of the probate court, and where that has been done, he is warranted and authorized in paying from the assets of the estate for such monument. But this monument for which the claim is made here, was not one which was provided for by the administrator or the executor; it was one that was provided by the husband of the deceased Mrs. Cooper, Mr. Cooper, rather for his deceased wife than for the other parties interested in the estate, and Mr. Cooper could not undertake, either with or without the authority and consent of the probate court, to charge upon the little fund remaining of the assets of this estate, any part of that expense. There was no authority by or from the probate court to provide that monument. The probate court could not have conferred any authority upon the executor to erect a monument under such circumstances and charge the expense upon the estate, unless it might be argued perhaps that the executor might contribute with other parties in providing a monument for several members of the family, including the deceased testator. But that was not done; there is no pretense that anything of that kind was done. So that, leaving out of view what should be done with the item of charging for the providing of a monument for this deceased Mr. Coit, there remains just simply the expense that was incurred in procuring the probating of the will; that was all there was of it. There was no neces-

sity whatever, so far as appears in the record in this case, for the appointment of this executor; there were no debts to be paid; there were no duties to be performed. This $200 was in the hands of Emery Carpenter whose note was outstanding for the amount, and these children by their guardian were seeking to enforce the payment of it by some means—what means we are not advised. This man Huestis, master of masons for the time being, and coming perhaps within the terms and provisions of the will, places himself under bond as executor to take charge of this estate and administer upon this fund.

Our conclusion is, that the appointment of this administrator was wholly uncalled for and entirely unnecessary. The case is covered directly, we think, by the reported decision in the 46th Ohio State, where it is held that moneys or devices such as these were, may be claimed directly by the legatees or devisees without passing into the hands of the executor; or, if it fairly appeared that there were creditors who were entitled to be paid, it might be necessary, upon the failure of the devisees or legatees to make payment where an administrator was appointed, for the executor to claim a fund from which to pay the debts that were set up, if any there should be. But here there are none set up that are entitled to any notice or recognition; none that would warrant a party appointed as executor by the probate court to claim and hold and administer this fund as against the children to whom it was devised. The result of our views in this particular is, that the judgment of the court of common pleas in this respect should be reversed and the case will be remanded to the court of common pleas with directions that the fund be paid to the proper parties.

*G. Ray Craig* and *Andrews Bros.*, for Plaintiffs in Error.

*Stewart & Rowley*, for Defendant in Error